## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **KELLI SPRINGER-TATSCH, AS NEXT FRIEND OF TRACY RICHARDSON, Plaintiff,** | § § § § | |
| **v.** | § § | **CASE NO.** ___7:19-CV-00034___ |
| **ALPINE MANOR, LP and GIANNA VALDEZ, Defendants.** | § § § § | |

### Complaint for Declaratory Judgment, Permanent Injunctive Relief, & Damages

1.  **NOW COMES** KELLI SPRINGER-TATSCH, Plaintiff herein, and begins this action as next friend of TRACY RICHARDSON, an adult disabled individual for whom she has legal authority to act, based on a denial of federally-secured rights of fair housing. This action seeks declaratory and injunctive relief as well as damages for the denial of equal housing rights based on the disability of TRACY RICHARDSON.

### JURISDICTION AND VENUE

2.  Jurisdiction is conferred upon this court by 42 U.S.C. § 3613 and § 3617, as well as the federal declaratory judgment action statutes 28 U.S.C § 2201-2202. Any additional state law claims which might be brought are subject to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

3.  Venue is proper in the Western District of Texas, Alpine Division, as a majority of the facts giving rise to the Plaintiff's claims occurred in Alpine, Texas, and this is an action which is not founded solely on diversity of citizenship. *See* 28 U.S.C. § 1391.

**P A R T I E S**

**4.**    Plaintiff, TRACY RICHARDSON, is an adult disabled individual residing in Alpine, Texas. Plaintiff suffers from adult-onset schizophrenia and is non-verbal.

**5.**    Plaintiff, KELLI SPRINGER-TATSCH, is the sister of TRACY RICHARDSON and the person who has a valid power of attorney to act as next friend of TRACY RICHARDSON. Plaintiff is an adult individual residing in Andrews, Texas.

**6.**    Defendant, ALPINE MANOR, LP, a Corporation based in Atlanta, Georgia, is organized under the laws of the State of Georgia, and service of process on the Defendant may be effected pursuant to Rule 5 of the Federal Rules of Civil Procedure, by serving the registered agent for service of process in Texas, Judy Morrow, at 10351 F.M. 804, Larue, Texas 75770, USA. Service may be accomplished on said Defendant through its registered agent by certified mail. Defendant ALPINE MANOR LP is the company which owns and leases the apartment to Plaintiff TRACY RICHARDSON, located at 1001 N. Fighting Buck, Alpine, Texas 79830.

**7.**    Defendant, GIANA VALDEZ, is an individual residing in Alpine, Texas, and service of process on this Defendant may be effected pursuant to Rule 5 of the Federal Rules of Civil Procedure by serving her at 1001 N. Fighting Buck, Alpine, Texas 79830. Service of said Defendant as described above can be effected by personal delivery. Upon information and belief, Defendant VALDEZ is responsible for the formulation and implementation of all policies, practices, acts, and Fair Housing Act compliance with respect to the day-to-day operations, leasing, and resident management of Defendant ALPINE MANOR, LP.

# FACTUAL BACKGROUND

**8.**     TRACY RICHARDSON is a resident of a home pursuant to a lease agreement with Alpine

Manor, LP. TRACY RICHARDSON is an adult disabled individual who lacks legal capacity to

represent himself. His sister KELLI SPRINGER-TATSCH is representing his interest in this

matter, and there is no conflict of interest between TRACY RICHARDSON. KELLI

SPRINGER-TATSCH is the legal guardian for TRACY RICHARDSON.

**9.**     On or about January 31, 2018, Defendant ALPINE MANOR, L.P., ("ALPINE MANOR") by

and through its agent and manager Defendant GIANNA VALDEZ ("VALDEZ") provided

RICHARDSON a document entitled "Notice to Vacate for Non-Rent Breach of Lease." The

document refers to "Rules and Regulations Section 7" of the lease, but the leasehold

documents are not attached.

**10.**    On or about September 27, 2017, the undersigned counsel sent a letter to Defendant

VALDEZ via certified mail, return receipt number 7016 0910 0001 1548 7572, which was

received by Defendant VALDEZ on September 30, 2017, because Defendants had

previously sent RICHARDSON a similar Notice to Vacate.

**11.**    Within the September 27, 2017, letter, the undersigned counsel requested an immediate

copy of the lease agreement to review the terms to determine whether Defendants were in

violation of state and federal laws protecting adult disabled individuals. To-wit, the letter

requested a copy of the lease agreement; copies of witness statements, police reports, and

other written memoranda; a copy of Defendant ALPINE MANOR's training materials

concerning compliance with the Fair Housing Act, the Americans with Disabilities Act, and

the Housing and Development Department's guidelines for disabled persons as set forth in 24 C.F.R. 100.201-205, as well as evidence supporting Defendants' claims. No response was ever received.

12.   The January 31, 2018, Notice to Vacate does contain several police reports from August 28, 2017; May 31, 2017; April 15, 2017; March 12, 2017; and February 21, 2017. It does not include any more recent incidents than August 28, 2017.

13.   On July 18, 2018, a hearing for eviction was held in the Justice Court of Brewster County, Texas. After an unfavorable ruling, Plaintiffs appealed to the County Court of Brewster County, Texas, in Cause No. 2266.

14.   On January 17, 2019, the County Court entered a judgment of eviction over objection of Plaintiffs based on the representation that Defendant VALDEZ would not renew TRACY RICHARDSON's lease at the end of January. Pursuant to that judgment, Plaintiffs gave notice of their intent to petition this Court for relief. Defendants agreed to stay the eviction of TRACY RICHARDSON until February 28, 2019.

### INJURY TO PLAINTIFF TRACY RICHARDSON

15.   Plaintiff TRACY RICHARDSON has been injured by the discriminatory acts of Defendants. Specifically, TRACY RICHARDSON's rights under the Fair Housing Act have been denied as Defendants have refused to make reasonable accommodation to alleviate the nature of their complaints with RICHARDSON's conduct, for which he lacks the capacity to be civilly or criminally liable. If evicted, RICHARDSON will have access to housing; to his usual medical

care in Alpine, Texas; to the Adult Protective Services workers familiar with his case; and to an area familiar to him that will enable him to exercise his usual and customary habits of living. Because of the profound nature of Plaintiff RICHARDSON's disability, moving him to another facility is not feasible. He requires constancy and familiarity, and previous attempts to move him to another facility have resulted in significant physical and emotional stress on his already-fragile state.

## INJURY TO PLAINTIFF KELLI SPRINGER-TATSCH

**16.**     Plaintiff KELLI SPRINGER-TATSCH has been injured by the discriminatory acts of Defendants. As the individual personally and financially responsible for Plaintiff RICHARDSON, Plaintiff SPRINGER-TATSCH has incurred great expense, financial and emotional, in responding to the discriminatory actions of Defendants.

## CAUSES OF ACTION

**17.**     Plaintiffs repeat the allegations of paragraphs 1-16 as fully set forth above.

**18.**     Defendants are liable for violation of Plaintiff RICHARDSON's rights under the federal Fair Housing Act, as amended, 48 U.S.C. § 3604(f)

**19.**     Defendants are liable for violation of Plaintiff RICHARDSON's rights under the federal Fair Housing Act, as amended, 48 U.S.C. § 3631.

**20.**     Prohibited actions covered under Section 3604(f) to discriminate in the sale or rental of a dwelling because of a handicap, or to discriminate in the terms, conditions, or other privileges of a sale or rental because of a handicap.

21.    Prohibited actions covered under Section 3631(a) or (b) include intimidation, inference with, or the attempt thereof, of any person due to his handicap for purchasing, renting, financing, or occupying, rental dwellings; or participation in the activities of such a facility by reason of handicap.

22.    Under Section 3604(f)(3), the failure of Defendants to make reasonable modifications of existing premises, or the refusal to make reasonable modifications and/or accommodations in the rules, policies, practices or services of the property, constitute unlawful discrimination.

23.    Section 504 of the Rehabilitation Act of 1973 prohibits discrimination on the basis of disability and programs and activities conducted by the federal department of Housing and Urban Development (HUD). Defendants have not complied with their responsibility under Section 504 by refusing to make reasonable accommodations.

24.    Prohibited actions under all sections covered include all statements and actions of Defendants to remove TRACY RICHARDSON from his apartment, to refuse to re-lease the apartment to him, to seek eviction of TRACY RICHARDSON from the premises without permitting reasonable modifications or accommodations of ALPINE MANOR, LP's practices or policies, and any other acts of discrimination against TRACY RICHARDSON by virtue of his pervasive disability which renders him unable to communicate or understand the requested behavioral changes made by Defendants.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays:

(a)  That the Court declare the actions of Defendants set forth above in violation of the Fair Housing Act of 1968 and the Rehabilitation Act of 1973, and any other relevant federal statutes dealing with the housing rights of the disabled;

(b)  That Defendants are ordered to take affirmative action to ensure that the activities complained of herein are never again engaged in by Defendants or any agent of Defendants;

(c)  That the Court temporarily, without the need of a hearing, enjoin Defendants from carrying out their judgment of eviction against Tracy Richardson;

(d)  That the Court, after notice and hearing, enter a temporary injunction against Defendants in conformity with the requests made herein;

(e)  That Defendants, and their agents, servants, employees, and successors, are permanently enjoined from discriminating against Plaintiffs or seeking to evict Plaintiff RICHARDSON without due process of law as set forth in the federal Fair Housing Act, the Rehabilitation Act, or other relevant federal laws and regulations;

(f)  That appropriate compensatory and punitive damages are awarded to Plaintiffs and against defendants herein;

(g)  That Plaintiffs are awarded their costs and reasonable and necessary attorney's fees in this action; and

(h)  That Plaintiffs are awarded any other relief that the Court deems just and proper.

# JURY DEMAND

Pursuant to Fed. R. Civ. Proc. 38, Plaintiff hereby demands a trial by jury on all issues set forth above.

Respectfully submitted,

By: _____

**LANE A. HAYGOOD**
Texas Bar No. 24066670
Email: lane@haygoodlawfirm.com
522 North Grant Ave.
Odessa, TX 79761
Tel. (432) 337-8514
Fax (432) 225-1062
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on Christopher Sandefur, trial counsel for Defendants in the courts of the State of Texas, via electronic mail on the same date as the original was electronically filed with the Clerk of this Court.

I further certify that the named Defendants were served as set forth above in the manner indicated on the same date as the original was electronically filed with the Clerk of this Court.

LANE A. HAYGOOD
Attorney for Plaintiffs